IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00070-MR-WCM-22

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> (22) CHRISTY HELEN TRULL, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court upon the Defendant's Appeal of Order of Detention, which the Court construes as a Motion to Revoke or Amend the Detention Order. [Doc. 163].

**I.    PROCEDURAL BACKGROUND**

On August 3, 2021, the Defendant was charged in a Bill of Indictment with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and two counts of possession with intent to distribute methamphetamine, while aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1). [Doc. 3].

On August 16, 2021, the Defendant's initial appearance was held before the Honorable W. Carleton Metcalf, United States Magistrate Judge.

At that hearing, the Government moved for detention of the Defendant pending trial. After the hearing, the Defendant's present counsel was appointed to represent the Defendant.

On August 18, 2021, a detention hearing was held before Judge Metcalf. After reviewing the evidence presented by the parties, and hearing the arguments of counsel, Judge Metcalf found that there was clear and convincing evidence that the release of the Defendant would create a serious risk of harm or danger to the safety of another person or the community. Accordingly, Judge Metcalf ordered the Defendant to be detained pending trial. [Doc. 112]. This appeal followed.

## II. STANDARD OF REVIEW

Title 18 of the United States Code, section 3145, governs the review and appeal of detention orders. This statute provides, in pertinent part, as follows:

> If a person is ordered detained by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). In reviewing a motion to revoke or amend an order of detention, the Court reviews the Magistrate Judge's Order de novo. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001). In reviewing the

Magistrate Judge's Order, the Court "must make an independent determination of the proper pretrial detention or conditions of release." Id. (citation omitted). Even though the Defendant's counsel has denominated his motion as an "Appeal of Order of Detention," the Court will treat it as a motion to revoke or amend pursuant to § 3145(b).

**III. ANALYSIS**

Section 3142 of Title 18 of the United States Code provides that if, after holding a hearing, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court "shall order the detention of the person [pending] trial." 18 U.S.C. § 3142(e)(1).

In determining whether detention pending trial is appropriate, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment,

> financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). Upon reviewing the evidence presented at the detention hearing, the Court finds in accordance with the Magistrate Judge's factual findings and legal conclusions that detention is warranted in this case.

First, the nature and circumstances of the offenses charged involved the conspiracy to distribute large amounts of methamphetamine, the actual possession and intent to distribute the same, and the association with an armed felon. On November 19, 2020, the Defendant placed her five-year-old son inside a vehicle with Jose Martinez—a co-defendant and convicted felon in possession of a firearm at the time the Defendant's child was riding in the car—and fifty grams or more of methamphetamine. Thus, the Court

finds that the nature and circumstances of the Defendant's offenses weigh in favor of detention.  See 18 U.S.C. § 3142(g)(1).

Second, the evidence against the Defendant appears strong. According to the testimony of Haywood County Sheriff's Deputy Michael Reagan, the Defendant was providing methamphetamine to customers in Haywood County as part of a large, multi-state drug trafficking conspiracy. In March and April 2020, some of these customers provided the Government with evidence that they were obtaining methamphetamine from the Defendant.  This evidence includes text messages between the Defendant and her methamphetamine customers.

The Defendant was arrested with nearly one and a half ounces of methamphetamine on April 17, 2020.  The Defendant later admitted to receiving the methamphetamine from other co-defendants participating in the methamphetamine distribution operation.  The Defendant's involvement in the methamphetamine distribution operation was verified by the Defendant's own statements to law enforcement and the statements of an informant. On November 19, 2020, law enforcement arrested the Defendant, along with co-defendants Martinez and Cobb, and found nearly ten ounces of methamphetamine in the Defendant's rental vehicle.  Additionally, co-defendant Martinez was in possession of a firearm at the time of the arrest.

Thus, the Court finds that the weight of the evidence against the Defendant weighs in favor of detention.  See 18 U.S.C. § 3142(g)(2).

Third, the Defendant has a troubled history and mixed characteristics. The Defendant is a lifelong resident of Haywood County and has a sister, a boyfriend, and two children currently living in Haywood County.  While the Defendant is not currently employed, the Pretrial Services Report indicates that the Defendant expected to begin a job as a cashier at Mountain Energy in Canton, NC on August 16, 2021.  [Doc. 78 at 3].  The Defendant's arrest precluded her from beginning this employment, and the Defendant continues to rely on her boyfriend—Jesse Ballew—for financial support.  [Id.]  While the Defendant has no prior felony record, the Magistrate Judge found that the Defendant was untruthful with law enforcement on multiple occasions.

The Defendant has a long history of drug addiction.  Notably, however, the Defendant and Mr. Ballew have recently entered drug treatment together, and Mr. Ballew is hopeful about the Defendant's ability to recover from her addiction.  On the other hand, the Defendant was arrested in possession of methamphetamine on two separate occasions in just seven months—April and November 2020.  The multiple arrests in a short timeframe indicate a difficulty overcoming methamphetamine addiction and an unwillingness to cease involvement in the drug trade.  Thus, the Court finds that, while the

Defendant poses no flight risk, the Defendant's history and characteristics weigh in favor of detention. See 18 U.S.C. § 3142(g)(3).

Fourth, and most significantly, the Defendant's release would create a serious risk of danger to the Defendant's children and the larger community. The Defendant and her five-year-old son were in a vehicle with co-defendant Martinez, a convicted felon apprehended in possession of a firearm and methamphetamine, when the Defendant, Martinez, and Cobb were arrested on November 19, 2020. The Defendant's five-year-old son was asleep in the back seat of the vehicle next to co-defendant Martinez when law enforcement approached the vehicle. The Magistrate Judge emphasized the risk this conduct created for the Defendant's child, and the Court agrees with the Magistrate Judge's assessment. The Pretrial Services Report and Mr. Ballew's testimony at the detention hearing indicate that the Defendant would return to living with Mr. Ballew and the Defendant's children if released. [See Doc. 78 at 3]. Thus, there is clear and convincing evidence that, if released, the Defendant would create a serious risk of harm to her children and the community. See 18 U.S.C. § 3142(g)(4).

After conducting an independent review of the detention hearing recording and the Order of Detention, and considering the arguments of counsel, the Court concludes that the Magistrate Judge carefully considered
7

each of the 18 U.S.C. § 3142(g) factors and properly concluded that there are no conditions or combination of conditions of release that will reasonably assure the safety of other persons and the community. Accordingly, the Defendant's motion to revoke or amend the detention order is denied.

### ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Appeal of Order of Detention [Doc. 163], which the Court construes as a Motion to Revoke or Amend the Detention Order, is **DENIED**, and the Defendant shall remain detained.

**IT IS SO ORDERED.**

Signed: September 20, 2021

Martin Reidinger
Chief United States District Judge