# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:21-cr-00070-MR-WCM-22

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CHRISTY HELEN TRULL, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's Renewed Motion to Seal Document [Doc. 856].

On December 12, 2023, the Defendant filed a "Motion to Reduce Sentence under Amendment 821." [See Doc. 840]. She moved the Court to permanently seal this filing the next day. [See Doc. 842]. After concluding that the Defendant had not adequately explained why the entire document needed to be sealed, the Court denied the Defendant's motion to seal without prejudice. [Doc. 848]. However, it allowed the document to remain sealed while the Defendant refiled her motion to seal. [Id.]. The Defendant has now filed a renewed motion to permanently seal her "Motion for Reduced Sentence under Amendment 821." [Doc. 856]. She has also now identified

specific portions of her motion for reduced sentence that she contends contain sensitive case-specific information that is inappropriate for public access. [Id. at 1-2].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion to seal. The Defendant filed her original motion to seal on December 14, 2023, and her renewed motion on February 13, 2024, and both have been accessible to the public through the Court's electronic case filing system since those dates. In addition to filing her renewed motion to seal, the Defendant has also now filed a redacted version of her motion for reduced sentence, along with its related exhibits, that are accessible to the public. [See Doc. 857]. Further, the Defendant has demonstrated that the unredacted motion to reduce sentence contains sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's

competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the document, the Court concludes that sealing of the Defendant's unredacted motion for reduced sentence is necessary to protect the Defendant's privacy interests.

Having reviewed both the Defendant's unredacted and redacted motions for reduced sentence, the Court finds that the portions of the motion that the Defendant has redacted contain case material and information of the nature that is ordinarily sealed and appropriate to be shielded from public access. See Harris, 890 F.3d at 492. Accordingly, the Defendant's renewed motion to seal is granted.

**IT IS, THEREFORE, ORDERED** that the Defendant's Renewed Motion to Seal Amendment 821 Motion [Doc. 856] is **GRANTED**, and the Defendant's unredacted Motion for Reduced Sentence under Amendment 821 [Doc. 840] shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: February 23, 2024

Martin Reidinger
Chief United States District Judge